UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRUCE TAYLOR, Derivatively on Behalf of REGENERON PHARMACEUTICALS, INC., <br><br> Plaintiff, <br><br> v. <br><br> LEONARD S. SCHLEIFER, BONNIE L. BASSLER, MICHAEL S. BROWN, N. ANTHONY COLES, JOSEPH L. GOLDSTEIN, KATHRYN GUARINI, CHRISTINE A. POON, ARTHUR F. RYAN, DAVID P. SCHENKEIN, GEORGE L. SING, CRAIG B. THOMPSON, GEORGE D. YANCOPOULOS, HUDA Y. ZOGHBI, CHRISTOPHER FENIMORE, and ROBERT LANDRY, <br><br> Individual Defendants, <br><br> -and- <br><br> REGENERON PHARMACEUTICALS, INC., <br><br> Nominal Defendant. | Case No. 1:25-cv-06471 |

**MEMORANDUM OF LAW IN SUPPORT OF
<u>PLAINTIFF'S MOTION TO FILE COMPLAINT UNDER SEAL</u>**

Pursuant to this Court's Electronic Case Filing Rule 6.14 and the Order entered on July 31, 2025, directing the renewal of this motion (*see Taylor v. Schleifer, et al.*, Case No. 1:25-mc-00319-GHW (S.D.N.Y.), ECF No. 3), Plaintiff Bruce Taylor ("Plaintiff") submits this memorandum of law in support of his motion to file his unredacted Verified Stockholder Derivative Complaint ("Complaint") under seal.

As part of his investigation into the wrongdoing alleged in the Complaint, Plaintiff made a books and records demand on Regeneron Pharmaceuticals, Inc. ("Regeneron" or the "Company") pursuant to 8 *Del. C.* § 220 ("Section 220"). Following this, and as a condition of Plaintiff receiving the Company's confidential books and records, the parties entered into a confidentiality agreement that requires, among other things, if Plaintiff decides to commence a lawsuit using material designated as confidential by the Company, Plaintiff shall:

> (i) comply with all applicable law and court rules governing confidential treatment; (ii) in good faith seek leave to file the complaint and other submissions and any attachments or exhibits to the complaint or other submissions or portions thereof that constitute or contain Confidential Material under seal on the grounds that the Company has asserted that that the Confidential Material constitutes non-public, confidential, proprietary and/or commercially sensitive information of the Company; and (iii) take all steps reasonably necessary to ensure that the Company may seek the continued confidentiality of all Confidential Material.

Accordingly, given the parties' agreement, Plaintiff requests that the Court permit Plaintiff to file the unredacted version of the Complaint under seal and to also file on the public docket a redacted version of the Complaint, which shall redact all references to confidential information.

Further, as explained herein, the Second Circuit's standards for sealing judicial records support sealing Plaintiff's Complaint and narrowly redacting all references to confidential information produced by the Company pursuant to Section 220.

## LEGAL STANDARDS

"Sealing documents filed with a court implicates [the] common law and [] qualified First Amendment right of access to such documents." *Stegmann v. Wolin*, 2021 U.S. Dist. LEXIS 88025, at *3 (E.D.N.Y. May 7, 2021) (quoting *Trump v. Deutsche Bank AG*, 940 F.3d 146, 150 (2d Cir. 2019)). Accordingly, the Second Circuit has established a three-part test for determining whether documents relating to a lawsuit must be made publicly available:

> First, the court must determine whether the documents are indeed judicial documents, to which the public has a presumptive right of access. Second, if the documents are judicial documents, the court must determine the weight of the presumption, that is, whether the presumption is an especially strong one that can be overcome only by extraordinary circumstances or whether the presumption is a low one that amounts to little more than a prediction of public access absent a countervailing reason[,] or whether the presumption is somewhere in between. Third, once the weight of the presumption is determined, a court must balance competing considerations against it. Countervailing factors include, among others, the danger of impairing judicial efficiency and the privacy interests of those resisting disclosure.

*Saint-Jean v. Emigrant Mortg. Co.*, 11-CV-2122 (SJ), 2015 U.S. Dist. LEXIS 166298, at *8 (E.D.N.Y. May 24, 2016); *see also Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).

## ARGUMENT

### The Complaint is a Judicial Document

"A 'judicial document' or 'judicial record' is a filed item relevant to the performance of judicial functions and useful in judicial processes." *42West LLC v. Gould*, 2024 U.S. Dist. LEXIS 171688, at *5 (S.D.N.Y. Sept. 20, 2024) (citing *Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132, 139 (2d Cir. 2016)). Plaintiff does not dispute that the Complaint is a judicial document. Indeed, "[i]t is well settled in this Circuit that pleadings are judicial documents" and that "[a] complaint, which initiates judicial proceedings, is the cornerstone of every case, the very architecture of the lawsuit, and access to the complaint is almost always necessary if the public is to understand a court's decision." *Id.*

### The Highest Presumption of Access Attaches to the Complaint

"When assessing a complaint under the First Amendment framework, courts generally use the 'experience and logic' approach, considering whether the documents have historically been

open to the press and public and, whether public access plays a significant positive role in the functioning of the judicial process in question." *Id.*, at *5-6.

"Under the common law framework, the weight given to the presumption of access is governed by 'the role of the material at issue in the exercise of Article III judicial power' and 'the resultant value of such information to those monitoring the federal courts.'" *Id.* at 6 (citing *U.S. v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)). Where documents directly affect an adjudication or are used to determine a party's substantive legal rights, the presumption of access is "at its zenith," and thus can be overcome only by extraordinary circumstances. *Lugosch*, 435 F.3d at 121.

Under the First Amendment analysis, Courts in this Circuit find the presumption of access to be high because pleadings have "historically been publicly accessible by default, even when they contain arguably sensitive information." *Bernstein*, 814 F.3d at 141. Indeed, Courts in this Circuit have found that "[p]ublic access to the Complaint will better allow the public to understand the history in this case and inform the public of matters of public concern…." *42West*, 2024 U.S. Dist. LEXIS 171688, at *6. Similarly, under the common law framework, the presumption of access is also high because Plaintiff "seeks to redact information relating to 'matters that directly affect the adjudication' of his case, and that is therefore integral to the performance of judicial power in this action." *Id.* (citing *Amodeo*, 71 F.3d at 1049).

**<u>Privacy Interests Overcome the Presumption of Access</u>**

Despite the Complaint being a judicial document afforded the highest presumption of access, Plaintiff submits that sealing the Complaint is "necessary to preserve higher values" and that the sealing is "narrowly tailored to serve that interest." *Lugosch*, 435 F.3d at 120.

The higher value here is that publication of the Complaint would give away valuable information regarding Regeneron, which would cause harm to the Company and its competitive

standing. Indeed, the information produced by the Company pursuant to Section 220 exposes information about the Company and its officers and directors which, if divulged to the public: (i) would give the Company's competitors a valuable insight into the Company's practices, including the practices of its directors; and (ii) could harm the Company's standing in the marketplace. The resulting harm would be substantial and irreparable. In addition, the public interest in viewing the unredacted Complaint is *de minimis*. Indeed, the confidential information is not critical to the public's understanding of Plaintiff's allegations or claims. As such, protection of the Company's confidential information is the higher value to be preserved, which outweighs the presumption of public access.[1]

Furthermore, the sealing request here is narrowly tailored to serve that interest. Indeed, Plaintiff does not seek to entirely withhold the Complaint from the public; rather, Plaintiff seeks to withhold from the public only certain confidential information produced by the Company, the publication of which could cause Regeneron irreparable harm.[2] To that end, Plaintiff submits as Exhibit A to the Declaration of Correy A. Suk a copy of the Complaint with highlighted proposed redactions which, if approved by the Court, will be filed on the public docket, thereby enabling the public to view Plaintiff's allegations and claims for relief while only the portions of the Complaint containing confidential information are redacted. *See Stegmann*, 2021 U.S. Dist. LEXIS 88025, at *5-6 (granting motion to file complaint under seal and publicly file a redacted complaint,

---

[1] Further, documents produced pursuant to Section 220 are ones that Courts in this Circuit routinely seal. *See In re Synacor Deriv. Litig.*, No. 19-cv-2263, ECF No. 19 (S.D.N.Y. Apr. 5, 2019) (granting motion to seal complaint that included confidential information from Section 220 production); *In re Frontier Commc'n Corp. Deriv. Litig.*, No. 3:17-cv-01792, ECF No. 49 (D. Conn. Jun. 18, 2018) (granting motion to seal brief that used confidential information from Section 220 production); *In re The Hain Celestial Group*, *Inc. S'holder Class & Deriv. Litig.*, No. 17-cv-2351, ECF No. 49 (E.D.N.Y. Oct. 26, 2017) (allowing redaction of complaint that included confidential information from Section 220 production).

[2] The redactions in the Complaint attached as Exhibit A to the Declaration of Correy A. Suk are limited to redact only sensitive, proprietary information designated by the Company as "confidential" pursuant to the parties' confidentiality agreement.

finding that proposed redactions "are narrowly tailored to protect against disclosure of confidential information and commercially sensitive information that would cause [the company] competitive harm.").

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully request that the Court enter an Order, substantially in the form of the [Proposed] Order filed concurrently herewith, granting leave to file the unredacted Complaint under seal and to publicly file a redacted version of the Complaint, substantially in the form of the Complaint attached as Exhibit A to the Declaration of Correy A. Suk filed concurrently herewith.

Dated: August 21, 2025

**LEVI & KORSINSKY, LLP**

/s/ *Correy A. Suk*
Correy A. Suk (CK5357)
Gregory M. Nespole
Daniel Tepper
33 Whitehall Street, 27th Floor
New York, NY 10004
Tel.: (212) 363-7500
Fax: (212) 363-7171
csuk@zlk.com
gnespole@zlk.com
dtepper@zlk.com

*Counsel for Plaintiff*